**ORIGINAL** 08 CIV. 6055

CONNELL FOLEY LLP
888 Seventh Avenue
New York, New York 10106
(212) 262-2390
Attorneys for Defendant, JPMorgan Chase Bank, N.A.

**JUDGE KARAS**

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| EARL CONN, | Civil Action No._____ |
| Plaintiff, | ECF Case |
| v. | |
| JPMORGAN CHASE BANK, N.A., | **NOTICE OF REMOVAL** |
| Defendant. | |

TO:    THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF NEW YORK

Defendant, JPMorgan Chase Bank, N.A., ("JPMC"), a national bank with its main office located in Columbus, Ohio, through its counsel, Connell Foley LLP, in accordance with the provisions of 28 U.S.C. § 1446, respectfully states:

1.    Defendant desires to exercise its right under the provisions of 28 U.S.C. § 1441 to remove this action from the Supreme Court of the State of New York, County of Westchester, where the case is now pending under the name and style, Earl Conn v. JP Morgan Chase Bank, N.A., bearing index number 3278/08.

2.    A copy of the Verified Complaint filed by plaintiff in the Supreme Court of New York, County of Westchester is attached hereto as Exhibit "A".

1960948-01

3.    A copy of Defendant JPMC's Answer to the Verified Complaint, also filed separately, is attached as Exhibit "B".

4.    Plaintiff's Verified Complaint was filed on or about June 12, 2008.  This defendant was served with the Summons and Verified Complaint, on June 13, 2008.

5.    This action is removable to this Court by defendant, pursuant to 28 U.S.C. § 1441(a).    JPMC is a national bank that maintains its main office at 1111 Polaris Parkway, Columbus, Ohio 43240, as designated by its articles of association.

6.    The above described action is one of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, in that it is a civil action wherein plaintiff has alleged that his damages exceed the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

7.    As alleged in the complaint, plaintiff, at the time this action was commenced, was a citizen of the State of New York, residing at 630 East Lincoln Avenue, Mount Vernon, New York.

8.    Pursuant to 28 U.S.C. §1348, at the time this action was commenced, JPMC, was and still is a citizen of the State of Ohio, with its main office located at 1111 Polaris Parkway, Columbus, Ohio 43240, as designated by its articles of association.

9.    As alleged in the complaint, plaintiff seeks damages in the sum of $1,000,000.00.

10.    The within Notice of Removal is hereby filed within thirty (30) days of Defendant's first receipt of plaintiff's Verified Complaint.  See 28 U.S.C. § 1446(a) and (b).

**WHEREFORE**, defendant JPMC requests that the above action now pending in the Supreme Court of the State of New York, County of Westchester, be removed to this Court pursuant to 28 U.S.C. § 1441(a), (b) and (c).

CONNELL FOLEY LLP
Attorneys for Defendant,
JPMorgan Chase Bank, N.A.

By: _____
       MATTHEW S. SCHULTZ

Dated: July 1, 2008

JUN 13 2008 11:21

PAGE.02

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
———————————————————————X

EARL CONN,

                              Plaintiff,

    - against -

JPMORGAN CHASE BANK, N.A.,

                              Defendant.
———————————————————————X

TO THE ABOVE NAMED DEFENDANT

Index No. 13278/08
Date Purchased: 6/12/08

Plaintiff designates
Westchester County as
the place of trial

The basis of the venue
is parties residences

**SUMMONS**

Plaintiff resides at
630 East Lincoln Avenue
Mt. Vernon, NY 10552

County of Westchester

        **YOU ARE HEREBY SUMMONED** to answer the complaint of this action and to serve a copy
of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on
the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service
(or within 30 days after the service is complete if this summons is not personally delivered to you within
the State of New York); and in case of your failure to appear or answer, judgment will be taken against
you by default for the relief demanded in the complaint.

Dated: New Rochelle, New York
        June 10, 2008

                                        Yours, etc.,

                                        **ROBERT O. CORINI, ESQ.**
                                        Attorney for Plaintiff
                                        542 Main Street – Suite 102
                                        New Rochelle, NY 10801
                                        (914) 235-0784

Defendant's address:

JPMorgan Chase Bank, N.A.
22 West 1st Street
Mt. Vernon, NY 10550

PAGE.03

JUN 13 2008 11:21

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
=================================================X

EARL F. CONN,

                              Plaintiff,

   - against -

JPMORGAN CHASE BANK, N.A.,

                              Defendant.
=================================================X

VERIFIED COMPLAINT

Index No.
13279/08

RECEIVED

JUN 12 2008

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

Plaintiff Earl Conn, by his attorney Robert O. Corini, alleges the following facts as and for his

Verified Complaint:

1.     That at all times hereinafter mentioned, plaintiff Earl Conn was a natural person

residing at 630 East Lincoln Avenue, in the City of Mount Vernon, County of Westchester and State of

New York.

2.     That at all times hereinafter mentioned, defendant JPMorgan Chase Bank, N.A.

(hereinafter referred to as "JPMorgan") was a corporation duly organized and existing under the laws of

the State of New York, with a place of business at 22 West 1st Street, in the City of Mount Vernon,

County of Westchester and State of New York.

3.     That at all times hereinafter mentioned, defendant JPMorgan was a foreign corporation

duly organized and existing under the laws of a state other than the State of New York, with a place of

business at 22 West 1st Street, in the City of Mount Vernon, County of Westchester and State of New

York.

4.     That at all times hereinafter mentioned, defendant JPMorgan owned the building

located at 22 West 1st Street, in the City of Mount Vernon, County of Westchester and State of New

York.

PAGE.04

JUN 13 2008 11:21

5.    That at all times hereinafter mentioned, defendant JPMorgan owned and operated the rear parking lot which is adjacent to the building located at 22 West 1st Street, in the City of Mount Vernon, County of Westchester and State of New York.

6.    That on January 17, 2008, while the plaintiff was lawfully on the premises more commonly known as 22 West 1st Street, Mount Vernon, New York, and was walking within the rear parking lot of the premises known as 22 West 1st Street, Mount Vernon, State of New York, plaintiff was caused to trip and fall and seriously injure himself.

7.    That the accident of January 17, 2008, was caused entirely by the negligence, carelessness and culpable conduct of the defendant with respect to the ownership, maintenance, operation, management and control of the rear parking lot at 22 West 1st Street, Mount Vernon, New York, and all without any negligence, carelessness or culpable conduct on the part of the plaintiff contributing thereto.

8.    That this action falls within one (1) or more of the exceptions to CPLR §1602.

9.    That as a result of the accident of January 17, 2008, plaintiff sustained serious and permanent personal injuries to various portions of his body requiring that he be hospitalized and operated upon and sustained other damages all to his damage in the sum of $1,000,000.(

WHEREFORE, plaintiff Earl F. Conn demands judgment against the defendant JPMorgan Chase Bank, N.A. in the sum of One Million ($1,000,000.00) Dollars, together with interest and the costs and disbursements of this action.

Dated:  New Rochelle, New York
         June 10, 2008

                                        Yours, etc.,


                                        ROBERT O. CORINI, ESQ.
                                        Attorney for Plaintiff
                                        542 Main Street – Suite 102
                                        New Rochelle, NY 10801
                                        (914) 235-0784

PAGE.05

JUN 13 2008 11:21

Copyright 19 . © ALL-STATE LEGAL, A Division of All-state International, I .
800-222-0510

ATE OF NEW YORK. COUNTY OF                                              ss:

he undersigned, am an attorney admitted to practice in the courts of New York, and

☐ cenify that the annexed
orneys  has been compared by me with the original and found to be a true and complete copy thereof.
 location

say that: I am the attorney of record, or of counsel with the attorney(s) of record, for
                                  I have read the annexed

☐ know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information
orneys  and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon
vernon  knowledge, is based upon the following.

The reason I make this affirmation instead of                    is

firm that the foregoing statements are true under penalties of perjury.
ed:

                                                        _____
                                                        (Print signer's name below signature)

ATE OF NEW YORK, COUNTY OF *WESTCHESTER*          ss:
        *EARL CONN*                     being sworn says: I am  *the plaintiff*

☒ in the action herein; I have read the annexed  *Summons + Complaint*
egal   know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on
cation  information and belief, and as to those matters I believe them to be true.

☐ the                        of
       a corporation. one of the parties to the action; I have read the annexed
orate  know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on
cation  information and belief, and as to those matters I believe them to be true.

belief, as to those matters therein not stated upon knowledge, is based upon the following:

orn to before me on  *Jun 10, 2008*          *Earl F. Conn*
                                                        (Print signer's name below signature)
       *ROBERT O. CORINI*               *EARL F CONN*
       ROBERT O. CORINI
       ROBERT O. CORINI
       Notary Public, State of New York
       No. 01CO4609856
       Qualified in Westchester County
       Commission Expires October 20th  ays: I am not a party to the action, am over 18 years of

ATE OF NEW YORK, COUNTY OF

and reside at
       On                        , 19        I served a true copy of the annexed
                                             in the following manner:

☐ by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within
rvice  the State of New York, addressed to the last known address of the addressee(s) as indicated below:
y Mail

☐ by delivering the same personally to the persons and at the addresses indicated below:
rsonal
rvice

☐ by transmitting the same to the attorney by electronic means to the telephone number or other station or other limitation designated by the
vice by attorney for that purpose. In doing so I received a signal from the equipment of the attorney indicating that the transmission was received,
ctronic and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the
eans   U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

☐ by depositing the same with an overnight delivery service in a wrapper properly addressed. Said delivery was made prior to the latest time
ernight designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:
livery
rvice

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF WESTCHESTER**

EARL F. CONN,

Plaintiff,

- against -

JPMORGAN CHASE BANK, N.A.,

Defendant.

## SUMMONS AND VERIFIED COMPLAINT

**ROBERT O. CORINI**
Attorney for Plaintiff
542 Main Street — Suite 102
New Rochelle, New York 10801
(914) 235-0784
(914) 235-4318 — Fax

Service of a copy of the within                                       is hereby admitted.

Dated:

_____
                                                     Attorney for

**PLEASE TAKE NOTICE**
( )          that the within is a (certified) true copy of a(n)                               20
Notice of    entered in the office of the clerk of the within named Court on
Entry
( )          that an Order of which the within is a true copy will be presented for settlement to the Hon.
Notice of                                          one of the judges of the within named Court, at
Settlement
             on                      20    , at                        M.

Dated:

                              **ROBERT O. CORINI**
                              Attorney for Plaintiff
                              542 Main Street — Suite 102
                              New Rochelle, New York 10801

To:
        Attorney(s) for

CONNELL FOLEY LLP
888 Seventh Avenue
New York, New York 10106
(212) 262-2390
Attorneys for Defendant, JPMorgan Chase Bank, N.A.

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EARL CONN,<br><br>                    Plaintiff,<br><br>    v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>                    Defendant. | Civil Action No._____<br>ECF Case<br><br><br><br><br>**ANSWER TO VERIFIED COMPLAINT,<br>AFFIRMATIVE DEFENSES, AND<br>DEMAND FOR TRIAL BY JURY** |

Defendant, JPMorgan Chase Bank, N.A. ("JPMC"), a national bank with its main office located in Columbus, Ohio by way of Answer to the Verified Complaint filed by plaintiff hereby says:

1.      Defendant JPMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Verified Complaint.

2.      Defendant JPMC denies the allegations contained in Paragraph 2 of the Verified Complaint.

3.      Defendant JPMC denies the allegations contained in Paragraph 3 of the Verified Complaint.

4.      Defendant JPMC admits the allegations contained in Paragraph 4 of the Verified Complaint.

1959927-01

5.    Defendant JPMC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Verified Complaint.

6.    Defendant JPMC denies the allegations contained in Paragraph 6 of the Verified Complaint.

7.    Defendant JPMC denies the allegations contained in Paragraph 7 of the Verified Complaint.

8.    Defendant JPMC denies the allegations contained in Paragraph 8 of the Verified Complaint.

9.    Defendant JPMC denies the allegations contained in Paragraph 9 of the Verified Complaint.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Verified Complaint fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

At the time and place alleged in the Verified Complaint, JPMC violated no legal duty owing to Plaintiff.

### THIRD SEPARATE DEFENSE

At the time and place alleged in the Verified Complaint, JPMC was not guilty of any negligence which was a proximate cause of any injury or damages complained of by Plaintiff.

### FOURTH SEPARATE DEFENSE

The damages alleged by Plaintiff were solely and proximately caused by the alleged negligence and/or intentional conduct of third parties over whom JPMC had no direction or control.

## FIFTH SEPARATE DEFENSE

JPMC reserves the right to move to dismiss the Verified Complaint on the grounds that it fails to set forth a cognizable legal cause of action.

## SIXTH SEPARATE DEFENSE

Some or all of the claims asserted in the Verified Complaint are barred by the applicable statute of limitations.

## SEVENTH SEPARATE DEFENSE

To the extent that Plaintiff has failed to mitigate, minimize or avoid any damages he allegedly sustained, any recovery against JPMC must be reduced by that amount.

## EIGHTH SEPARATE DEFENSE

The personal injuries alleged to have been sustained by plaintiff were caused in whole or in part as a result of the culpable conduct attributable to Plaintiff, including, but not limited to, Plaintiff's contributory negligence and/or assumption of the risk. Pursuant to Article 14-A of the CPLR, JPMC seeks a reduction of any recovery had by plaintiff in the proportion which the culpable conduct attributable to Plaintiff or any co-defendant bears to the culpable conduct which caused the damages.

## NINTH SEPARATE DEFENSE

That any verdict in the within action for past, present and future medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, should be reduced by the amount that any such expense has or will with reasonable certainty be replaced or indemnified in whole or in part from any collateral source, in accordance with the provisions and limitations of Section 4545(c) of the CPLR.

## TENTH SEPARATE DEFENSE

That any sums or consideration paid or promised to Plaintiff by any person(s) or entity(ies) claimed to be liable for the injuries or damages alleged in the Amended Complaint shall reduce any judgment rendered in favor of Plaintiff as against JPMC to the extent of the greater of either the sums or consideration paid or promised to plaintiffs or the amount of the released tortfeasor's(s') equitable share(s) or the damages in accordance with General Obligation Law Section 15-108.

## ELEVENTH SEPARATE DEFENSE

The liability of JPMC is limited under the terms of Article 16 of the CPLR.

## TEWLFTH SEPARATE DEFENSE

The alleged injuries and/or damages sustained by Plaintiff, if any, were caused or contributed to, in whole or in part, by intervening and superseding causative factors and therefore the Plaintiff's claims should be barred.

## THIRTEENTH SEPARATE DEFENSE

JPMC, at the time period alleged in the Complaint, did not control, own, maintain, operate or make special use of the instrumentality, object or portion of the premises which is the subject of this litigation, which Plaintiff's claim resulted in the alleged injuries and/or damages complained of in the Verified Complaint.

## FOURTEENTH SEPARATE DEFENSE

If it is shown that Plaintiff was caused to sustain injuries and/or damages as a result of any substance, object or condition, claimed by Plaintiff to have caused and/or contributed to the incident upon which the Verified Complaint is based, such substance, object or condition was created, introduced or caused by persons or parties unknown to JPMC and over whom JPMC

exercised no authority or control and that JPMC did not have prior notice of the existence of such substance or condition.

## FIFTHTEENTH SEPARATE DEFENSE

If Plaintiff was caused to sustain injuries and/or damages as a result of any object or condition claimed by Plaintiff to have caused and/or contributed to this accident, such object or condition, the existence of which is or may be denied by JPMC was in plain sight, open and obvious, and had plaintiff exercised due care, using sight and senses as a reasonable person, plaintiff would completely avoided the alleged injuries and/or damages.

## SIXTEENTH SEPARATE DEFENSE

JPMC reserves the right to amend its Answer to the Verified Complaint to assert such additional defenses as may become apparent during the continuing course of discovery in this matter. In addition, JPMC reserves the right to amend its Answer to assert additional affirmative defenses to the extent that the law of the State of New York changes or develops requiring such amendment.

**WHEREFORE**, Defendant, JPMC, demands judgment dismissing Plaintiff's Verified Complaint against it, together with the costs and disbursements of this action.

Dated: July 1, 2008

Matthew S. Schultz
CONNELL FOLEY LLP
Attorneys for Defendant,
JPMorgan Chase and Company
888 7th Avenue
New York, New York 10106

CONNELL FOLEY LLP
888 Seventh Avenue
New York, New York 10106
(212) 262-2390
Attorneys for Defendant, JPMorgan Chase Bank, N.A.

**08 CIV. 6055**

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

**JUDGE KARAS**

|  |  |
|---|---|
| EARL CONN,<br><br>                Plaintiff(s),<br><br>    v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>                Defendants. | Civil Action No._____<br>ECF Case<br><br><br><br><br>**CERTIFICATE OF SERVICE** |

I, Matthew S. Schultz, hereby certify that I caused true and correct copies of defendant,

JP Morgan Chase Bank, N.A.'s Notice of Removal and supporting papers, along with an Answer

to the Verified Complaint to be served via Federal Express on the 1st day of July, 2008, upon

plaintiff's counsel at the following address:

> Robert O. Corini, Esq.
> 542 Main Street—Suite 102
> New Rochelle, New York 10801
> Attorneys for Plaintiff

I further certify that on this same date, I caused an original and two (2) copies of these

papers to be served upon the Clerk of the United States District Court for the Southern District of

New York via Federal Express at the following address:

> Clerk of the United States District Court
> Southern District of New York
> U.S. Courthouse
> 300 Quarropas Street
> White Plains, New York 10601

1959943-01

I further certify that on the same date, I caused an original and two (2) copies of defendant's Notice of the Filing of a Notice of Removal to be filed with the Supreme Court of the State of New York, County of Westchester via Federal Express.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

MATTHEW S. SCHULTZ

Dated: July 1, 2008